Cole v. Swan.

## COLE v. SWAN.

The pleadings should all be in, and the issue made up, before the jury is sworn.

The officer having a jury in charge should not speak to them while deliberating upon their verdict, except to ask them if they have agreed.

### Appeal from Polk District Court.

*Opinion by* KINNEY, J.   Swan sued Cole, claiming one thousand dollars damages for an assault which, he alleged in his petition, Cole committed upon his person.   Answer filed, and on the fifth day of the term a jury was empanneled and sworn to try the issue between the parties. The following day plaintiff asked leave to file a replication to the defendant's answer.   This was objected to by defendant, but the court overruled the objection, and permitted the replication to be filed.   To this ruling the defendant excepted.   This was error in the court.   The pleadings should all be in, and the issue made up before the jury is sworn.   The jury was sworn to try the issue ; but if a different issue is made after the oath is administered, and the jury permitted to try that issue, as was the case in this instance, it is clear that they are trying a different issue, from the one they were selected and sworn to try.   Such a practice would lead to the greatest possible confusion and injustice.

By the Code, all allegations in the pleadings not responded to are to be taken as true.   Hence all new matter set up in the answer of the defendant, as it was not replied to by the plaintiff, the party had a right to insist, before the jury, was confessed.   But the court by permitting the replication to be filed after the jury were sworn, deprived the defendant of that advantage, changed the issue, and made up a different one on the pleadings, than the case on trial.   The jury returned a verdict for the plaintiff ; where-

Cole *v.* Swan.

upon the defendant filed a motion in arrest of judgment and for a new trial.

Among other reasons assigned for a new trial is this: "Beconde, the deputy sheriff and bailiff, informed the jury that they would be kept by the court from Saturday evening until Monday morning without anything to eat, unless they would agree upon their verdict; and that in consequence of this, one of the jury consented that a verdict might be returned."

The facts contained in this part of the motion are fully sustained by the affidavit of the deputy sheriff and two of the jurors. § 1810 of the Code permits affidavits of jurors to be used in support of a motion for a new trial. The court very improperly overruled this motion. Officers having a jury in charge while they are deliberating upon their verdict should never speak to them, except to ask them whether they have agreed. Any conversation by the officer ought to subject him to severe punishment by the court; and any verdict returned after such conversation, whether it had any influence or not in producing the verdict, ought to be set aside the moment the fact comes to the knowledge of the court. Although a juror might swear that in making up his verdict he was uninfluenced by the remarks made by the officer, yet he may be mistaken. It is the right of the party to have a verdict which is the result of an uninterrupted and unprejudiced deliberation.

The court erred in overruling the motion in arrest of judgment, and for a new trial.

Judgment reversed and trial *de novo* awarded.

*Casady* and *Tidwick*, for appellant.

*Bates* and *Jewett*, for appellee.