Milton W. Pearse, E. M. Spencer and William Loudon for appellant.

Hovey & Menzies, for appellee.

---

## WILLIAM RICKARD v. THE STATE OF INDIANA.

*Officer in Charge of a Jury.*—Such officer has no right to be present with the jury during their deliberations, even if he does not speak to them, and even if his presence does not appear to have produced any injurious influence. He has no right to speak to them except to ask if they have agreed upon their verdict. His speaking otherwise, or his presence even, will vitiate any verdict afterwards found.

Filed June 23, 1881.
Appeal from Clinton Circuit Court.
Opinion of the court by Mr. Justice Worden.

The appellant was indicted in the court below for an assault and battery upon, with intent to murder, John Wyant, and, upon trial, he was convicted of assault and battery with intent to commit voluntary manslaughter, as charged in the indictment, and was sentenced to imprisonment in the State prison for the term of two years.

At the proper time he made a motion for a new trial, on the ground, among other things, stated in and supported by the following affidavit, but the motion was overruled and exception taken:

### STATE OF INDIANA V. WILLIAM RICKARD.

Comes now William Rickard, and, upon his oath, being first sworn, says that the jury, after having been instructed by the court, retired to deliberate upon their verdict in the above entitled cause, at about 6 o'clock P. M., of March 23, 1881, and returned a verdict of guilty against him at 9 o'clock A. M., March 24, 1881, having been about fifteen hours deliberating upon their verdict; that said jury, during said time, were in charge of George Mitchell, their sworn bailiff, who, at all times, had access to their room where said jury was deliberating, and who frequently passed in and out thereof; that said Mitchell remained with said jury a large portion of the time while they were deliberating and considering of their verdict in said cause, as aforesaid, all of which is true, as the affiant is informed and verily believes.

(Signed),            WILLIAM RICKARD.

Subscribed and sworn to before me, this 29th day of March, 1881.            ALLEN E. PAIGE, Notary Public.

The State introduced no evidence contradicting, explaining, or qualifying this affidavit, and we are of opinion that, on the facts thus stated, a new trial should have been granted.

The precise question here presented recently came before the Supreme Court of Michigan, by whom it was held to be error to permit the officer having charge of a jury to be present during their deliberations, even though he does not speak to them, and it does not appear that any harm resulted therefrom. *People v. Knapp*, Cent. Law Jour., February 6, 1880 (probably 42 Mich).

The reasons assigned by Judge Cooley, who delivered the opinion in the cause, are cogent, and, to our minds, quite conclusive of the question.    We make some extracts from the opinion :

"It is not claimed that the officer can with propriety be within hearing when the jury are deliberating.    Whether he does or does not converse with them, his presence, to some extent, must operate as a restraint upon their proper freedom of action and expression. When the jury retire from the presence of the court, it is in order that they may have an opportunity for private and confidential discussion, and the necessity for this is assumed in every case, and the jury sent out as of course where they do not notify the court that it is not needful.    The presence of a single other person in the room is an intrusion upon their privacy and confidence, and tends to defeat the purpose for which they are sent out.    *    *    *    In their private deliberations the jury are likely to have occasion to comment with freedom upon the conduct and motives of parties and witnesses, and to express views and beliefs that they could not express publicly without making bitter enemies.    Now the law provides no process for ascertaining whether the officer is indifferent and without prejudice or favor as between the parties, and as it is admitted he had no business in the room, it may turn out that he goes there because of his bias, and in order that he may report to a friendly party what may have been said to his prejudice, or that he may protect him against unfavorable comment, through the unwillingness of jurors to criticise freely the conduct and motives of one person in the presence of another who is his known friend.    Or the officer may be present with a similar purpose to protect a witness whose testimony was likely to be criticised and condemned by some of the jurors.    *    *    *

"It was held in *Cole* v. *Swan*, 4 Greene, 32, that officers having a jury in charge, while they are deliberating on their verdict, should never speak to them except to ask them whether they have agreed, and that if an officer violated this rule, any verdict afterwards returned, whether the conversation did or did not have any influence in producing the verdict, should be set aside the moment the fact comes to the knowledge of the court.    We have said enough already to show that it is not conversation alone that is mischievous; the mere presence of an officer within the hearing of the jury is

often quite as much so.   In one case, what he would say might influence the verdict; in another, what his presence might restrain jurors from saying might accomplish the same result."

An officer having a jury in charge, either in a civil or criminal case, has no authority, under our law, to speak to them except to ask them if they have agreed upon a verdict, unless by order of the court, and, in neither case, is it contemplated that he may be present with them during their deliberations.   Code, § 329 ; Criminal Code, § 114.

The judgment below is reversed, and the cause remanded for a new trial.

The clerk will issue the proper notice for the return of the prisoner.

D. A. Woods and Paige & Bayless, for appellant.

Attorney General, William R. Moon and W. W. Thornton, for appellee.